IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH A. HARRIS,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | Case No. 10 C 7383<br><br>Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

  Plaintiff Deborah A. Harris (hereinafter, "Harris") seeks review of the final decision of the Defendant Social Security Commissioner, Michael J. Astrue ("the Commissioner"), finding that she was overpaid $40,377.20 in wives' retirement benefits and denying Harris' request for waiver of repayment under Title II of the Social Security Act ("the Act"). The Commissioner moved for summary judgment, asking the Court to affirm the Commissioner's final decision. Harris, appearing *pro se*, has not filed her own Motion for Summary Judgment, but seeks reversal of the Commissioner's decision in her response to the Commissioner's motion. For the reasons stated herein, the Commissioner's decision is affirmed.

# I. BACKGROUND

The only issue in this case is whether Harris, a former teacher for the Chicago Public Schools ("CPS"), was obligated to repay an overpayment in wives' retirement benefits, or whether the Social Security Administration (the "SSA") should have waived the overpayment.

## A. Facts

Harris, 74, worked as a teacher for CPS for more than 14 years before retiring in 1988. In 1999, at age 62, Harris filed for wives' benefits based on the Social Security account of her husband, William Harris. In her application, she stated that she did not qualify for a pension from the federal, state, or local government based on her own employment, but would notify the SSA if that changed. Harris became eligible for wife's benefits in November 1999.

In September 2006, Harris notified the SSA that she would begin receiving a monthly pension from CPS in November 2006, which would include a retroactive lump sum payment. At that time, an SSA claims representative explained to Harris that this meant that she had received an overpayment in her wife's benefits, and that the SSA would work out a repayment schedule once it determined the amount of her lump sum payment from CPS. Under government regulations, when a spouse receives social security benefits and also receives a government pension for his or her own work at a job

that was not covered by social security, the SSA offsets the government pension. *See* Social Security Pub. 05-10007, *Government Pension Offset*, *http://www.ssa.gov/pubs/10007.html*.

On October 4, 2006, Harris received a breakdown of her payments from the Chicago Teachers' Pension Fund, explaining that she would receive a lump-sum payment for the period from May 20, 1999, when she first became eligible for a pension upon turning 62, through October 31, 2006. After taxes, the payment would total $43,948.24. By letter dated March 27, 2007, Harris was notified that she received $40,377.20 more in Social Security benefits than she was due. Harris filed a request for waiver of the overpayment amount on April 19, 2007. By letter dated April 30, 2007, SSA denied her request for waiver of overpayment. After a personal conference, her request for a waiver was again denied.

Harris then filed a request for hearing before an Administrative Law Judge, which was held on October 23, 2008. Thereafter, on November 17, 2008, Administrative Law Judge Denise McDuffie Martin (the "ALJ") found that the SSA overpaid Harris wives' insurance benefits during the period from November 1999 through December 2006, but that Harris was "without fault" in causing the overpayment. However, the ALJ found that repayment of the overpayment would not be waived because recovery of the overpayment would not defeat the purpose of Title II of the Act or be against equity or good conscience. On October 5, 2010, the

Appeals Council denied Harris' request for review of the ALJ's decision, making the Commissioner's decision final.

### B. Harris' Testimony

Harris testified before the ALJ that she knew, at the time she filed the application for wife's insurance benefits, of the need to report any other pension she received. That is why she went into the Social Security office when she learned that she would be getting a pension from her employment as a teacher. She said that she did not report her pension at any time prior to September 2006 because she was not actually receiving a pension at that time. She did not apply for a pension when she turned 62 in May 1999. Further, Harris said, she did not know she would be receiving pension payments retroactive to May 1999 because she had not worked for CPS since 1988.

### C. The ALJ's Decision

The ALJ found Harris' testimony credible, and determined that she was not at fault in causing the overpayment. When an individual is not at fault in causing an overpayment of benefits, a waiver of recovery may be granted if recovery would either defeat the purpose of Title II of the Act or be against equity and good conscience. 20 C.F.R. § 404.506.

Recovery of an overpayment defeats the purpose of Title II if it would deprive the individual of funds needed for ordinary and necessary living expenses. 20 C.F.R. § 404.508. Additionally,

recovery of an overpayment would be against equity and good conscience if the individual either: (1) changed her position for the worse or relinquished a valuable right because of reliance on a notice that a payment would be made or because of the overpayment itself. 20 C.F.R. § 404.509(a). The individual's financial circumstances are immaterial to the question of whether repayment is "against equity and good conscience." 20 C.F.R. § 404.509(b).

The ALJ found that Harris' Social Security benefits were subject to government pension offset, and that recovery of this incorrect payment would not defeat the purpose of the Act or go against principles of equity and good conscience. The ALJ found that since Harris was advised by the SSA that her retroactive pension would result in overpayment before she received the lump sum retroactive payment, it was reasonable to expect that Harris would have kept that money to repay the overpaid benefit amount. Therefore, she had the ability to refund that amount. Additionally, the ALJ found no evidence that Harris relinquished a valuable right or changed her position for the worse in anticipation of the receipt of benefits. As such, the ALJ found no basis for waiving repayment of the overpaid benefits.

## II. **LEGAL STANDARD**

This Court must determine whether the Commissioner's final decision is "supported by substantial evidence and based on the proper legal criteria." *Briscoe v. Barnhart*, 425 F.3d 345, 351

(7th Cir. 2005)(internal citations omitted). Substantial evidence is that which a reasonable mind might accept to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1972). A reviewing court should not substitute its opinion for that of the ALJ or re-weigh the evidence. *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). The ALJ is not required to address every piece of evidence, but must provide a "logical bridge" between the evidence and conclusions so that the court can address the validity of the agency's findings and provide meaningful review. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010).

### III.  **ANALYSIS**

The key facts in this case are not in dispute. Harris received wives' retirement benefits from the SSA from November 1999 through October 2006. For that same time period, she also received a pension for her work as a CPS teacher, a job that she acknowledges was not covered by Social Security, by way of a retroactive lump-sum payment.

Although her argument is not entirely clear, Harris seems to claim that since she was not working from May 1999 through October 2006, her wife's retirement benefit should not have to be offset by her teacher's pension that she received for that same time period. This is a misunderstanding of the governing law. The Code of Federal Regulations, which Harris herself cites, clearly states that "your monthly Social Security benefits as a wife . . . will be

reduced each month you are receiving a monthly pension from a Federal, State, or local government agency (Government pension) for which you were employed in work not covered by Social Security on the last day of such employment." 20 C.F.R. § 404.408a(a). It goes on to specify the amount of such a reduction: ". . .[W]e will reduce (to zero, if necessary) your monthly Social Security benefits as a spouse by two-thirds the amount of your monthly pension." 20 C.F.R. § 404.408a(d). It is immaterial that Harris was not working between May 1999 and October 2006. The pension that she received from the Chicago Public School system covering that time period was for her more than fourteen years of service as a Chicago Public School teacher, and therefore subjects her wife's retirement benefits to the pension offset explained above.

Nor would recovery of the overpayment defeat the purposes of Title II of the Act or go against the principles of equity and good conscience. Since Harris was notified by the SSA that she would need to repay the overpayment amount of $40,377.20 *before* she received the $43,948.54 lump-sum payment from CPS, the ALJ was reasonable in determining that Harris could repay the SSA overpayment with her lump-sum payment without being deprived of "funds needed for ordinary and necessary living expenses." Further, the record shows that while Harris estimated her and her husband's monthly expenses to be $5,729.00 and their monthly income to be $5,428.00. She included in the expenses $750.00 a month in

charitable contributions. Charitable contributions do not fall within the SSA's definition of ordinary and necessary expenses. *See* 20 C.F.R. § 404.508(a)(defining ordinary and necessary expenses as including fixed living expenses, medical expenses, and expenses for the support of others). As such, recovery of the overpayment would not defeat the purposes of Title II of the Act. 20 C.F.R. § 404.508. Additionally, as the ALJ noted, there is no evidence on the record that Harris changed her position for the worse or relinquished a valuable right in reliance on the overpayment. So recovery is not against equity and good conscience. 20 C.R.F. § 404.509(b). The ALJ's decision was supported by substantial evidence and based on the proper legal criteria, and it is affirmed.

## IV. CONCLUSION

For the reasons stated herein, the Court affirms the Commissioner's final decision.

**IT IS SO ORDERED.**

                                              Harry D. Leinenweber, Judge
                                              United States District Court

**DATE:** 6/30/2011